UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE STUBBLEFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF NOVATO, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03372-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

## I.　INTRODUCTION

This action arises from Plaintiff Willie Stubblefield's arrest by three officers of the Novato Police Department: Anthony Suhrke, Michael Allison, and Blake Dunbar (the "Defendant Officers"). Stubblefield brings this action against the City of Novato (the "City") and the Defendant Officers, alleging violations of the Fourth Amendment and several state law claims. Defendants move to dismiss Stubblefield's Complaint in its entirety. The Court held a hearing on January 15, 2016. For the reasons stated below, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.[1] Stubblefield's § 1983 claim for malicious prosecution in violation of the Fourth Amendment is DISMISSED with leave to amend. His claim under state law for false imprisonment is DISMISSED without leave to amend, as is his negligence claim to the extent that it is based on a theory of false imprisonment. The Court declines to dismiss Stubblefield's remaining claims. Stubblefield may file an amended complaint consistent with this Order no later than February 6, 2016.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Allegations of the Complaint

A plaintiff's factual allegations are generally taken as true at the pleading stage. Nothing in this Order, including the following summary of Stubblefield's allegations, should be interpreted as resolving any issue of fact that may be disputed at a later stage.

On January 24, 2014, police responded to a call related to an argument between two Caucasian women outside a nightclub in Novato. Compl. ¶ 8. Police arrived at the scene and attempted to detain Stubblefield, an African American man, despite bystanders telling them that the women's argument prompted the call and that Stubblefield was not involved. *Id.* ¶¶ 9–10. Stubblefield did not resist arrest. *See id.* ¶ 26.

In the process of detaining and arresting Stubblefield, Defendant Officer Suhrke punched Stubblefield in the face and slammed him to the ground, causing Stubblefield to need stitches as a result of his tooth puncturing his cheek. *Id.* ¶ 11. After Stubblefield was on the ground and while Suhrke attempted to secure him with handcuffs, Defendant Officer Allison punched Stubblefield's back, shoulder, and neck. *Id.* ¶ 12. Defendant Officer Dunbar threatened to use pepper spray if Stubblefield did not comply with the other officers. *Id.* ¶ 13. After Stubblefield was handcuffed and placed in a police car, the Defendant Officers observed that he was "bleeding profusely from his mouth" and transferred him to a hospital. *Id.* ¶ 15.

Following treatment at the hospital, Defendants arrested Stubblefield for violating California Penal Code sections 148 and 243(b), which prohibit resisting arrest and battery of a police officer, respectively. *Id.* ¶ 15; Cal. Pen. Code §§ 148, 243(b). Stubblefield was found not guilty of those charges at trial. Compl. ¶¶ 16–17. He "submitted a timely tort claim form pursuant to the California Government Tort Claims Act," which the City rejected, and filed the present action on July 21, 2015. *See id.* ¶ 18.

The Complaint includes three constitutional claims against the Defendant Officers, each based on Stubblefield's right to be secure against unreasonable seizures under the Fourth Amendment of the United States Constitution: excessive force, malicious prosecution, and false arrest. *Id.* ¶¶ 19–33.

The Complaint also includes five claims under California state law: battery, assault, negligence, false imprisonment, and interference with civil rights under Civil Code section 52.1. *Id.* ¶¶ 34−57. Each of these claims is against all Defendants, except that the section 52.1 claim is against only the Defendant Officers and does not include the City. *See id.*

### B. Parties' Arguments

#### 1. Defendants' Motion to Dismiss

Defendants move to dismiss all claims of Stubblefield's Complaint. With respect to Stubblefield's federal claims, Defendants first argue that the Complaint fails to explicitly invoke 42 U.S.C. § 1983, and instead improperly attempts to state claims directly under the Fourth Amendment. Mot. (dkt. 15) at 4. Defendants also argue that the Complaint does not include sufficient factual allegations to state a Fourth Amendment excessive force claim against Officer Dunbar, who is not alleged to have actually struck Stubblefield. *Id.* at 4–5. Defendants contend that Stubblefield's allegations in support of his Fourth Amendment malicious prosecution and false arrest claims are too conclusory to satisfy the pleading standard of *Iqbal* and *Twombly*. *Id.* at 5–6.

Turning to Stubblefield's state law claims, Defendants argue that the Complaint does not include allegations of battery by Dunbar, echoing Defendants' argument regarding the Fourth Amendment excessive force claim. *Id.* at 6–7. Defendants contend that Stubblefield's false imprisonment claim must be dismissed for failure to comply with the claim presentation requirements of California's Tort Claims Act. *Id.* at 7–8. According to Defendants, the claim form that Stubblefield presented to the City discussed only the physical assault by the Defendant Officers and Stubblefield' physical injuries, with no reference to false imprisonment. *See id.* at 10; Request for Judicial Notice (dkt. 15-1) Ex. A ("Claim Form").[2] Stubblefield's negligence claim is predicated on the same basic theories as his other state law claims—battery, false arrest, and false imprisonment—and Defendants argue that this claim also fails for the reasons discussed

---

[2] The Court takes judicial notice of the Claim Form based on the incorporation by reference doctrine, as Stubblefield's Complaint explicitly references and relies on the Claim Form. *See* Compl. ¶ 18.

3

above. *Id.* at 7. Finally, Defendants contend that Stubblefield's claim under section 52.1 of the California Civil Code must be dismissed for failure to include it in his claim form and for failure to allege interference with constitutional rights "by threats, intimidation, or coercion" beyond that inherent in the underlying alleged wrongful act. *Id.* at 11–12.

### 2. Stubblefield's Opposition

Stubblefield argues that his Complaint adequately invokes § 1983 because the civil cover sheet attached to the Complaint indicates that his federal claims are brought under that statute. Opp'n (dkt. 20) at 3. He argues that his excessive force claim extends to Officer Dunbar based on the "integral participant" doctrine set forth by the Ninth Circuit in cases including *Boyd v. Benton County*, 374 F.3d 73, 780 (9th Cir. 2004), and *Green v. City and County of San Francisco*, 751 F.3d 1039 (9th Cir. 2014), because Dunbar assisted Officers Suhrke and Allison and threatened to pepper spray Stubblefield if he resisted the other officers. Opp'n at 3. Stubblefield also contends that his Complaint includes sufficient allegations to support Fourth Amendment claims for malicious prosecution and false arrest. *Id.* at 4–6.

Stubblefield defends his battery claim against Dunbar based on the same "integral participant" theory discussed above in the context of constitutional claims. *Id.* at 6. He argues that his government claim form was sufficient to support his false imprisonment and section 52.1 claims because the physical beating described in the claim form constituted both a restriction on his freedom to leave the area (false imprisonment) and a violation of constitutional rights (section 52.1). *Id.* at 7–9. Stubblefield disputes Defendants' contention that section 52.1 requires threats, coercion, or intimidation distinct from the underlying constitutional violation, and instead asserts that the "elements of the excessive force claim under § 52.1 are the same as under § 1983." *Id.* at 9 (quoting *Chaudry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014)). Because Stubblefield contends that his battery, excessive force, and false imprisonment claims are adequate, he argues that his claim for negligence based on those theories should also stand. *Id.* at 6–7.

### 3. Defendants' Reply

Defendants dispute Stubblefield's argument that the civil cover sheet is enough to invoke

§ 1983, asserting that the "civil cover sheet is not part of the complaint." Reply (dkt. 22) at 2. They argue that the "integral participant" theory does not apply to Stubblefield's excessive force claim against Dunbar because "the Complaint states no facts even showing that Officer Dunbar was present at the scene when Officers Suhrke and Allison's alleged conduct occurred." *Id.* at 3 (capitalization altered throughout). Defendants stand by their arguments that Stubblefield's Fourth Amendment malicious prosecution and false arrest allegations are too conclusory to state claims. *Id.* at 4–5.

With respect to the state law battery claim, Defendants argue that all of the cases Stubblefield cites for the "integral participant" theory pertain to § 1983 claims, and Stubblefield has failed to cite any authority extending that doctrine to state law battery claims. *Id.* at 5–6. Defendants argue that California Government Code section 820.8 prevents an officer from being held liable under state law for the conduct of others. *Id.* at 5. Defendants continue to argue that Stubblefield's claim form failed to put the City on notice of a false imprisonment claim or a claim under section 52.1. *Id.* at 6–9. They also dispute the applicability of the authority on which Stubblefield relies for the proposition that excessive force claims under § 1983 and section 52.1 are coextensive, and argue that a number of California appellate courts have held that section 52.1 requires a separate showing of threats, intimidation, or coercion beyond the underlying constitutional violation. *Id.* at 13.

### III.  ANALYSIS

#### A.  Legal Standard

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and

5

takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### B. Federal Claims

#### 1. Failure to Explicitly Invoke § 1983

Defendants' first argument is that the Complaint should be dismissed for alleging constitutional violations without explicitly invoking 42 U.S.C. § 1983, which creates a cause of action for violations of constitutional rights under the color of state law.

In *Johnson v. City of Shelby*, "[s]ummary judgment was entered against [plaintiffs alleging due process violations] in the District Court, and affirmed on appeal, for failure to invoke 42 U.S.C. § 1983 in their complaint." 135 S. Ct. 346, 346 (2014). In a per curiam decision, the Supreme Court responded as follows:

> We summarily reverse. Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. . . .
>
> . . .
>
> Our decisions in [*Twombly* and *Iqbal*] are not in point, for they

6

> concern the factual allegations a complaint must contain to survive a motion to dismiss. A plaintiff, they instruct, must plead facts sufficient to show that her claim has substantive plausibility. Petitioners' complaint was not deficient in that regard. Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city. Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim.

*Id.* at 346–47.

*Johnson* is directly on point. Moreover, Stubblefield's failure to explicitly cite § 1983 clearly did not result in any confusion, because Defendants' Motion argues that he should have done so and, after presenting the argument that the omission should be fatal, goes on to analyze Stubblefield's claims in the context of that statute. To the extent that Defendant's Motion is based on the Complaint's failure to invoke § 1983, it is DENIED. The Court construes the Complaint as bringing claims under § 1983 for violation of Stubblefield's rights under the Fourth Amendment, as applied against the states by the Fourteenth Amendment.[3]

### 2. Excessive Force Claim Against Dunbar

Other than the failure to cite § 1983 discussed above, Defendants do not challenge the sufficiency of Stubblefield's excessive force claim against Suhrke, Allison, and the City. Instead, Defendants argue only that Stubblefield has not alleged sufficient personal involvement by Dunbar to hold him liable.

The parties agree that Dunbar can be held liable for Suhrke and Allison's alleged excessive force if Dunbar was an "integral participant" in the alleged constitutional violation. *See* Opp'n at 3 (citing *Boyd*, 374 F.3d at 780); Reply at 3. In *Boyd*, the Ninth Circuit held that "each officer involved in [a] search operation was an 'integral participant'" in the use of a flash-bang device where:

> First, . . . the officers in this case stood armed behind Ellison while he reached into the doorway and deployed the flash-bang. Second, the use of the flash-bang was part of the search operation in which every officer participated in some meaningful way. Third, every

---

[3] The Court need not address what significance, if any, the civil cover sheet has on the adequacy of the Complaint. *See* Opp'n at 3 (arguing that the Complaint should not be dismissed because the cover sheet explicitly invokes § 1983).

7

> officer was aware of the decision to use the flash-bang, did not object to it, and participated in the search operation knowing the flash-bang was to be deployed

*Boyd*, 374 F.3d at 780.[4]  Similarly, in *Green v. City and County of San Francisco*, the Ninth Circuit held that a jury could find that an officer who restrained the plaintiff was an integral participant in the constitutional violation—which in that case consisted of officers pointing guns at the plaintiff while she was restrained—even though the officer who restrained her did not himself also point a gun at her.  *Green*, 751 F.3d at 1051 ("The only reason Sergeant Kim was not pointing his weapon at Green while she was restrained is that he was the one restraining her.").  The only case Defendants cite where officers were held *not* to be integral participants is *Blankenhorn v. City of Orange*, a case based on the use of "hobble restraints" in making an arrest, where the Ninth Circuit affirmed summary judgment in favor of officers who "arrived on the scene after the arrest was completed" or "at most provided crowd control."  485 F.3d 463, 481 n.12 (9th Cir. 2007).  The court in that case held that officers who assisted in gaining control of the plaintiff—by tackling him or handcuffing him—and the officer who ordered the use of the hobble restraints were all integral participants.  *Id.*

      Defendants assert that, based on the allegations of the Complaint, Dunbar could have been "en route and not on scene during the alleged excessive force, or . . . at another location."  Opp'n at 3.  That assertion misrepresents the Complaint.  Immediately after alleging that Suhrke and Allison physically beat Stubblefield, the Complaint alleges that "*[d]uring this time*, Novato Police Officer Blake Dunbar . . . , who was assisting the other two defendants in assaulting the [Stubblefield], threatened to pepper spray [Stubblefield] if he did not comply."  Compl. ¶ 13 (emphasis added).  Taking those allegations as true, the Complaint alleges that Dunbar was at the scene and threatening Stubblefield with pepper spray while Suhrke and Allison beat him.  At the pleading stage, the Court finds the allegation that Dunbar threatened to use additional force against Stubblefield if he did not submit to excessive force by the officers sufficient to state a claim that Dunbar was an "integral participant" in the alleged constitutional violation.  *See Blankenhorn*, 485

---

[4] The Ninth Circuit ultimately held that all of the officers in *Boyd* were entitled to qualified immunity because it was not clearly established that using a flash-bang under the circumstances of that case was unconstitutional.  *Boyd*, 374 F.3d at 784.

1   F.3d at 481 n.12 (holding that officers who contributed to obtaining control of a plaintiff were
2   integral participants in the subsequent use of hobble restraints).  Defendants' Motion is DENIED
3   to the extent that it seeks to dismiss Stubblefield's excessive force claim against Dunbar.

### 3. Malicious Prosecution

Defendants argue that the Complaint does not adequately state a claim for malicious prosecution in violation of the Fourth Amendment because the assertion that "the defendant officers were actively involved in causing [Stubblefield] to be prosecuted," Compl. ¶ 24, is "factually unsupported," "conclusory," and "insufficient to meet [Stubblefield's] pleading burden." Mot. at 5–6.  Stubblefield responds, essentially, that this claim should proceed because the Complaint recites the elements of a Fourth Amendment malicious prosecution claim.  *See* Opp'n at 4–5.  But "'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  The Complaint includes the following allegations regarding the Defendant Officers' involvement in Stubblefield's prosecution:

> 15. The plaintiff was subsequently treated and was placed under arrest by defendants. He was charged with violating California Penal Code Sections 148, and 243(b).
>
> . . .
>
> 23. Defendant officers acting with malice, caused the initiation of false charges to be filed against the plaintiff subjecting the plaintiff to malicious prosecution which deprived him of his right to be free from unreasonable seizure of his person under the Fourth Amendment to the United States Constitution.
>
> 24. That the defendant officers were actively involved in causing the plaintiff to be prosecuted for the charges of California Penal Code Sections 148, and 243(b);
>
> . . .
>
> 26. That no reasonable person in defendant officers' circumstances would have believed that there were grounds for causing the plaintiff to be arrested or prosecuted based on the above listed charges because the defendant officers had knowledge that the plaintiff did not resist arrest or commit a battery on a peace officer when he was detained by the defendants and physically attacked by the defendants.
>
> 27. That the defendant officers acted primarily for a purpose other than to bring the plaintiff to justice because they had knowledge that the plaintiff had not committed the criminal offenses that the

9

> defendants falsely alleged that he committed and yet arrested the plaintiff and charged him with these crimes anyway.
>
> . . .
>
> 29. That the defendant officers' conduct was a substantial factor in causing Plaintiff's harm.

Compl. ¶¶ 15, 23–29 (inconsistent punctuation in original; emphasis omitted). The Court agrees with Defendants that a malicious prosecution claim requires more detailed factual allegations regarding the Defendant Officers' involvement in the decision to prosecute Stubblefield, beyond the conclusory assertion that they "caused the initiation of false charges to be filed." *See* Compl. ¶ 23.

Moreover, although not adequately addressed by the parties, "a § 1983 malicious prosecution plaintiff must prove that the defendants acted for the purpose of depriving him of a 'specific constitutional right' . . . ." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). "Malicious prosecution, by itself, does not constitute a due process violation; to prevail [Stubblefield] must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so *for the purpose of* denying [him] equal protection or another specific constitutional right." *Freeman*, 68 F.3d at 1189 (emphasis added).

Stubblefield alleges that the Defendant Officers lacked probable cause to instigate Stubblefield's prosecution, Compl. ¶ 26, and asserts that they "acted primarily for purpose other than to bring the plaintiff to justice," *id.* ¶ 27. There is no basis to determine from the Complaint what that purpose was, however, including crucially whether the purpose was to deprive Stubblefield of a "specific constitutional right." *See Freeman*, 68 F.3d at 1189. Stubblefield's § 1983 malicious prosecution claim is therefore DISMISSED, with leave to amend if he can allege facts describing the Defendant Officers' role in initiating prosecution and sufficient to support a conclusion that they intended to deprive him of a constitutional right.

### 4. False Arrest

Defendants argue that Stubblefield's false arrest claim under the Fourth Amendment also must be dismissed for lack of sufficient factual allegations. Defendants do not appear to challenge

the allegation that the arrest lacked probable cause, but instead contend that "[t]he complaint does not specify who arrested plaintiff or state facts to show any of the particular officers arrested plaintiff." Mot. at 6.

The Complaint alleges that Suhrke and Allison repeatedly struck Stubblefield and "slammed [him] onto the ground" in the process of subduing him, and that Dunbar threatened to use pepper spray if Stubblefield resisted. Compl. ¶¶ 11−13. Stubblefield "was then handcuffed and placed in . . . Suhrke's police car," and he was "placed under arrest by defendants" after being treated at a hospital for his injuries. *Id.* ¶¶ 14−15. Regardless of which officer formally placed Stubblefield under arrest, the Court finds these allegations sufficient to state a claim that each of the Defendant Officers at least played an integral role in the arrest. The Court therefore declines to dismiss Stubblefield's claim for false arrest in violation of the Fourth Amendment.

### C. California Claims

#### 1. Battery Claim Against Dunbar

Defendants do not challenge Stubblefield's claim for battery as stated against Suhrke, Allison, and the City, but argue that the Complaint does not state a claim of battery against Dunbar because it does not allege that Dunbar himself harmed or even made physical contact with Stubblefield. Mot. at 6−7. Stubblefield responds that Dunbar was an integral participant in the alleged battery. Opp'n at 6. Defendants correctly observe that the only two cases Stubblefield cites in support of that argument concerned constitutional claims rather than common law battery. Reply at 5−6 (citing *Jones v. Williams*, 297 F.3d 930, 935−36 (9th Cir. 2002); *Macias v. County of Los Angeles*, 144 Cal. App. 4th 313 (2006)).

The Court agrees, and Stubblefield does not appear to dispute, that the Complaint does not allege that Dunbar himself battered Stubblefield. That does not mean that he cannot be held liable for aiding and abetting the alleged battery. Although not addressed by either party, California courts have held that a defendant who assists another in committing an intentional tort may, in some circumstances, face liability.

> California has adopted the common law rule for subjecting a defendant to liability for aiding and abetting a tort. "Liability may . . . be imposed on one who aids and abets the commission of an

11

>
> intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person."

*Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138 (2005) (quoting *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1325−26 (1996)) (ellipsis in original). The relevant model jury instruction reads as follows, with the parties and allegations of this case inserted in brackets:

> [Stubblefield] claims that [he] was harmed by [Suhrke and Allison's battery] and that [Dunbar] is responsible for the harm because [he] aided and abetted [Suhrke and Allison] in committing the [battery].
>
> If you find that [Suhrke and Allison] committed [a battery] that harmed [Stubblefield], then you must determine whether [Dunbar] is also responsible for the harm. [Dunbar] is responsible as an aider and abetter if [Stubblefield] proves all of the following:
>
> 1. That [Dunbar] knew that [a battery] was [being] committed by [Suhrke and Allison] against [Stubblefield];
>
> 2. That [Dunbar] gave substantial assistance or encouragement to [Suhrke and Allison]; and
>
> 3. That [Dunbar]'s conduct was a substantial factor in causing harm to [Stubblefield].
>
> Mere knowledge that [a battery] was [being] committed and the failure to prevent it do not constitute aiding and abetting.

Judicial Council of California Civil Jury Instruction (CACI) 3610.

Drawing reasonable inferences in Stubblefield's favor, the factual allegations of the Complaint plausibly support the conclusions that Dunbar knew that Suhrke and Allison were committing a battery, that Dunbar substantially assisted in the battery by threatening Stubblefield if he did not submit to the battery, and that Dunbar's threat was a substantial factor in the harm that Stubblefield suffered. The Court therefore declines to dismiss Stubblefield's battery claim against Dunbar.[5]

---

[5] Section 820.8 of the California Government Code, which provides that public employees are generally not liable for the wrongful conduct of others, does not alter the outcome because Dunbar may be held liable for his own alleged conduct in aiding the commission of a battery. Section 820.8 was intended to nullify certain cases holding public officers vicariously liable for the torts of their subordinates, a principle not at issue in the present case. *See* Legislative Committee

### 2. False Imprisonment

Defendants argue that Stubblefield's claim under state law for false imprisonment should be dismissed for failure to comply with California's requirements for presenting claims against public entities and employees thereof. *See* Cal. Gov't Code §§ 945.4, 950.2. The California Supreme Court discussed the standard for such claims in detail in a 2004 opinion:

> The purpose of these statutes is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." Consequently, a claim need not contain the detail and specificity required of a pleading, but need only "fairly describe what [the] entity is alleged to have done." As the purpose of the claim is to give the government entity notice sufficient for it to investigate and evaluate the claim, not to eliminate meritorious actions, the claims statute "should not be applied to snare the unwary where its purpose has been satisfied."
>
> . . .
>
> As noted above, section 945.4 requires each cause of action to be presented by a claim complying with section 910, while section 910, subdivision (c) requires the claimant to state the "date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted." If the claim is rejected and the plaintiff ultimately files a complaint against the public entity, the facts underlying each cause of action in the complaint must have been fairly reflected in a timely claim. "[E]ven if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim."
>
> The claim, however, need not specify each particular act or omission later proven to have caused the injury. A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an "entirely different set of facts." Only where there has been a "complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim," have courts generally found the complaint barred. Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint.

*Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Authority*, 34 Cal. 4th 441, 446−47 (2004) (brackets in original; citations omitted).

---

Comments (Senate) to § 820.8.

13

Here, the claim form that Stubblefield submitted to the City stated that the "Novato Police engaged in use of excessive force," named Officers Suhrke, Dunbar, and Allison as the employees responsible, and described Stubblefield's physical injuries. *See* Claim Form ("Claimant's shoulder, wrist were damaged and his tooth was knocked through the side of his face.").

This case presents a somewhat close call. On one hand, Stubblefield's false imprisonment claim does not seek "to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim." *See Stockett*, 34 Cal. 4th at 447. Stubblefield alleges that he was restrained without cause by the same officers named in the claim form at the same time that the inflicted the physical harm described in the form. On the other hand, the false imprisonment cause of action in this case "alleges a factual basis for recovery which is not fairly reflected in the written claim" form, *see id.*, including that the Defendant Officers allegedly restrained Stubblefield in the course of inflicting injuries and that they lacked probable cause to arrest him.[6]

Absent any reference to those alleged facts, the City had no basis to conclude from the claim form that Stubblefield would pursue a false imprisonment claim. It had no reason to investigate whether Stubblefield's arrest itself—as opposed to the degree of force used in effecting it—was lawful. The claim form does not even put the City on notice that Stubblefield was arrested or restrained. Although mindful of the California Supreme Court's warning that the purpose of the government claims requirements is "not to eliminate meritorious actions," the Court concludes that allowing Stubblefield to pursue a false imprisonment claim here would undermine the purpose of "giv[ing] the government entity notice sufficient for it to investigate and evaluate the claim." *See id.* at 446. Because the claim form that Stubblefield submitted did not disclose any basis for a false imprisonment claim, that claim is DISMISSED without leave to amend.

### 3. Negligence

---

[6] "'The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947, 962 (2012) (quoting *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000)).

Defendants' only challenge to Stubblefield's negligence claim is that the theories of battery (as to Dunbar) and false imprisonment (as to all Defendant Officers) on which it is based are deficient. Mot. at 7. To the extent that Stubblefield's negligence claim rests on those theories, Defendants argue that it must be dismissed for the same reasons they seek to dismiss his intentional tort claims discussed above. Stubblefield contends in response that the Complaint adequately states the underlying claims and thus also states a claim for negligence based on those theories. Opp'n at 6−7. Because the Court holds that Stubblefield may proceed with his battery claim against all defendants but may not proceed on his false imprisonment claim, Stubblefield's negligence claim is similarly limited to a theory of negligent battery.

### 4. Section 52.1

Section 52.1 of the California Civil Code, also known as the Bane Act, creates a right of action against any person who "interferes by threat, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or . . . of this state." Cal. Civ. Code § 52.1(a) (defining the conduct prohibited); *see also id.* § 52.1(b) (creating private right of action). The parties dispute the extent to which section 52.1 requires a showing of "threat, intimidation, or coercion" distinct from the underlying constitutional violation itself.

Defendants rely on a line of cases stemming from *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947 (2012), and *Gant v. County of Los Angeles* ("*Gant I*"), 765 F. Supp. 2d 1238 (C.D. Cal. 2011). In *Gant I*, a federal district court looked to an analogous Massachusetts law on which section 52.1 was based to determine that "a wrongful arrest and detention, without more," does not implicate section 52.1, which instead "requires a showing of coercion independent from the coercion inherent in a wrongful detention itself." *Gant I*, 765 F. Supp. 2d at 1253−54, 1258. In *Shoyoye*, a California appellate court explicitly followed *Gant I* to hold that a plaintiff who remained in jail longer than he should have due to the negligence of county employees could not recover under section 52.1 because "there was no evidence of any coercion independent of that inherent in a wrongful detention itself." *Shoyoye*, 203 Cal. App. 4th at 961−62.

Considering an appeal of *Gant I* after *Shoyoye* was decided, the Ninth Circuit cited

15

*Shoyoye* for the proposition that although "[t]here is limited Bane Act precedent defining what constitutes 'coercion' independent from that which is inherent in a wrongful arrest, . . . *Shoyoye* . . . indicates that such conduct must be 'intentionally coercive and wrongful, i.e., a knowing and blameworthy interference with the plaintiffs' constitutional rights.'" *Gant v. County of Los Angeles* ("*Gant II*"), 772 F.3d 608, 623−24 (9th Cir. 2014) (quoting *Shoyoye*, 203 Cal. App. 4th at 961). The Ninth Circuit reversed the district court's grant of summary judgment on the section 52.1 claim, holding that, viewing the record in the light most favorable to the plaintiff, a jury could find that police officers engaged in coercion meeting that standard by using "quick, insistent questioning" and misrepresenting the contents of a warrant. *Id.* at 624.

The scope of *Shoyoye* is somewhat controversial. In the years since it was decided, many (although not all) decisions of this district have limited its holding to the rule that negligent or unintentional violations of constitutional rights cannot support a section 52.1 claim, at least without a separate showing of blameworthy "threat, intimidation, or coercion." *See D.V. v. City of Sunnyvale*, 65 F. Supp. 3d 782, 788−89 (N.D. Cal. 2014) (reviewing post-*Shoyoye* decisions); *see also Hutton v. City of Berkeley Police Dep't*, No. 13-cv-3407-JCS, 2014 WL 4674295, at *17 (N.D. Cal. Sept. 9, 2014).

Perhaps more significantly, the Ninth Circuit has repeatedly held that "the elements of [an] excessive force claim under § 52.1 are the same as under § 1983." *Cameron v. Craig*, 713 F.3d 2012, 1023 (9th Cir. 2013); *see also Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). And the same California appellate district that decided *Shoyoye* later held as follows in an excessive force case:

> We need not weigh in on the question whether the Bane Act requires "threats, intimidation or coercion" beyond the coercion inherent in every arrest, or whether, when an arrest is otherwise lawful, a Bane Act claim based on excessive force also requires violation of some right other than the plaintiff's Fourth Amendment rights. Where, as here, an arrest is unlawful and excessive force is applied in making the arrest, there has been coercion "independent from the coercion inherent in the wrongful detention itself" (*Shoyoye*, *supra*, 203 Cal. App. 4th at p. 959, 137 Cal. Rptr. 3d 839)—a violation of the Bane Act.

*Bender v. County of Los Angeles*, 217 Cal. App. 4th 968, 978 (2013). None of the cases that

16

Defendants cite involve *both* excessive force *and* an unlawful arrest, as were shown in *Bender* and as are alleged here. *See Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 69 (2015) (explicitly noting the lack of any allegation of excessive force, and distinguishing *Bender* on that basis); *Quezada v. City of Los Angeles*, 222 Cal. App. 4th 993 (2014) (considering claims that Los Angeles violated section 52.1 by requiring police officers to submit to breathalyzer tests and vehicle searches).

At the hearing, defense counsel advised the Court of the Ninth Circuit's recent decision in *Lyall v. City of Los Angeles*, 807 F.3d 1178 (9th Cir. 2015), which counsel asserted supports dismissal of Stubblefield's section 52.1 claim. The opinion in *Lyall* cites several of the California cases discussed above in affirming a district court's jury instruction that a plaintiff bringing a section 52.1 claim must show that the "threats, intimidation, or coercion were independent from the acts inherent in the detention and search." *Id.* at 1195. But *Lyall* also distinguishes *Bender* as "an unlawful-arrest *and excessive-force* case," and noted that the *Bender* court "expressly declined to rule on whether the Bane Act required coercion beyond the coercion inherent in *any* arrest," implying that the presence of excessive force claims in *Bender* distinguished it from the facts of *Lyall*. *Id.* at 1196 (emphasis added). Here, because Stubblefield has alleged excessive force beyond what would be inherent in *any* arrest, analogy to *Bender* is appropriate.

The fact that the Ninth Circuit's opinions in *Cameron* and *Chaudhry* did not explicitly discuss *Shoyoye* in pronouncing that excessive force claims under section 52.1 and § 1983 share the same elements does not make those decisions any less binding on this Court. *See* Reply at 13 (asserting that the Court should disregard those cases on that basis). Because Stubblefield adequately states an excessive force claim under § 1983, he may proceed on a claim under section 52.1. Moreover, the California Court of Appeal's decision in *Bender* is persuasive, as are the numerous decisions of this district reaching the same result. The Court holds that Stubblefield's allegations of excessive force by the Defendant Officers are sufficient to state a claim under section 52.1. Because the alleged excessive force underlying that claim was adequately stated in the claim form Stubblefield submitted to the City, the Court also finds no basis to dismiss Stubblefield's section 52.1 claim for failure to comply with California's government claims

procedure. Defendants' Motion to dismiss this claim is DENIED.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion is GRANTED in part and DENIED in part. If Stubblefield wishes to amend his Complaint to state a Fourth Amendment malicious prosecution claim, he may file an amended complaint no later than January 29, 2016.

**IT IS SO ORDERED.**

Dated: January 15, 2016

JOSEPH C. SPERO
Chief Magistrate Judge